9153

LANHAM, AS MASTER, v. HAYNES.

(85 S. E. 966.)

DEEDS.  TRUSTS.  LIMITATIONS OF ESTATES.

1. DEEDS—CONVEYANCE.—At law a conveyance in fee cannot be made by deed without the use of the word "heirs."

2. DEEDS—TRUSTS.—Where a deed conveys lands and crops thereon directly to grantees named, a subsequent provision therein appointing a trustee to manage such lands and crops does not affect the estate granted the grantees, nor render the instrument of conveyance a trust deed.

3. DEED—LIMITATIONS OF ESTATES.—A deed to F. during her natural life, and at her death to be equally divided between the children of her body, share and share alike, a child or children of a deceased child to represent his or her parent, gives only a life estate to the grantee and her children and grandchildren.

Before SEASE, J., Spartanburg, December, 1914. Reversed.

Rule to show cause issued at instance of S. T. Lanham, as master, against John S. Haynes, to compel compliance with his bid at master's sale. From an order directing compliance, the purchaser appeals. The facts are stated in the opinion.

*Messrs. Carson & Boyd,* for appellant, submit: *A trust is an estate in property held by one for the benefit of another:* Bouv. L. Dict. 615; Rapaljie & Lawrence Law Dic. 1296; 2 Washburn, R. E. (6 ed.), sec. 1405; Tiede-

man on Real Prop., sec. 496; 39 Cyc., p. 17; 4 Rich. Eq. 406; 13 Rich. Eq. 406. *The word "heirs" essential in legal deeds to create a fee:* 88 S. C. 296; 12 Rich. 318; 36 S. C. 298; 32 S. C. 85; 39 S. C. 18; 40 S. C. 468; 48 S. C. 341; 77 S. C. 173; 78 S. C. 191; 42 S. C. 58; 84 S. C. 426; 85 S. C. 472. *Reason and limitation to exception in trust deeds:* 15 S. C. 284; 35 S. C. 329; 46 S. C. 537; 44 S. C. 503; 46 S. C. 356. *Statute of limitations, Code Civ. Proc. 134, does not run during existence of outstanding life estates:* 76 S. C. 432, 448.

*Messrs. William M. Jones* and *Nicholls & Nicholls,* for respondent, submit: *None of the heirs of Burnell High, except those parties to this action, nor their ancestors, have been in possession of this land for over forty years:* Code Civ. Proc., sec. 134; 76 S. C. 432.

July 31, 1915.

The opinion of the Court was delivered by MR JUSTICE WATTS.

This is an appeal from an order of Judge Sease made in a rule to show cause upon an application of S. T. Lanham, Esq., master for Spartanburg county, against John. S. Haynes why he should not comply and to complete his purchase of a tract of land bid off by him at a public sale of said land by the master. Haynes made return to the rule and averred his readiness and willingness to comply with his bid and pay for the property, but when he employed counsel to examine the title to the said property, that he was advised by them, that the title was not good, and for this reason he refused to comply with his bid, and desired the Court to pass upon the title, and if it is adjudged good and valid he is ready to comply with his bid. It appears that the sale was made in a partition proceeding among the descendants of Frances Turner and that the title came to them from Burnell High, through the following deed:

"State of South Carolina,. Spartanburg District. Know all men by these presents, that I, Burnell High, of the district and State aforesaid, for and in consideration of the love and affection I have for my daughter, Frances Turner, do grant, give and release unto my daughter, Frances Turner, a certain tract of land lying and being in the district and State aforesaid, on Standing Stone, a branch of Lawson's Fork, containing one hundred and ninety-six (196) acres, more or less, adjoining lands of Anderson Bishop, W. P. Bishop, I. R. Poole and others, with all the appurtenances thereto appertaining, and also the crop of all descriptions during her natural life, free and unincumbered, not subject in anywise to the debts of her husband (or any future husband), Henry Turner, and at her death it is to be equally divided between the children of her body, share and share alike, a child or children of deceased child to represent his or her parent. But if she, the said Frances Turner, should die without children, then, and in that case, the said land is to revert back to my estate. I do hereby appoint and constitute Wm. G. High as trustee to manage the tract of land and products above mentioned for the purpose set forth in said deed of trust.

Whereunto I set my hand and seal this 13th day of September, 1860. Burnell High. Signed, sealed and delivered in the presence of M. T. McKinney, John Tuck."

"State of South Carolina, Spartanburg District. Personally appeared before me, M. T. McKinney, and made oath that he saw Burnell High sign, seal and deliver the within deed of trust for the use and purposes therein contained, and that he, with John Tuck, in the presence of each other, witnessed the due execution thereof. M. T. McKinney.

Sworn to before me this 13th September, 1860. J. B. Tolleson, Clerk and Magistrate *ex officio.*"

He alleges that under this deed Frances Turner took only a life estate, and that at her death the property went to such

children of her body as were in being at the time of the execution of the deed to take only a life estate; that the parties to this action are the children of her body, or their representatives, and that this sale conveyed only the life estate of such children as were in being when the deed was made September 13th, 1860; that at the death of such children the title reverts to the heirs of Burnell High, many of whom are not parties to this action.

His Honor, Judge Sease, construed the deed to be a trust deed, not to be construed by the strict technical rules of the common law, but by the intention of the grantor, and that it was the intention clearly of the grantor to convey the whole estate in land to Frances Turner for life and to her descendants, if she left any surviving her, and to have the land revert to his estate only in case of her dying without leaving heirs of her body as specified in the deed, and as she left surviving her such heirs of her body there is no reversion, and the estate of Burnell High has no interest in the land, and he adjudged and decreed that the rule be sustained and defendant, John S. Haynes, be required to comply with his bid. From this order defendant appeals, and alleges error on the part of his Honor, in holding that the children and grandchildren of Frances Turner took any estate in fee in the land conveyed by Burnell High to William G. High; and in not holding that the surviving children of Frances Turner took only a life estate under said deed and at their death the land reverted to the estate of Burnell High.

Respondent's attorneys served notice they would ask that the order of Judge Sease be sustained on the additional ground that neither the heirs of Burnell High nor their ancestor or grantor have been in possession of the land within forty years, and that they would be barred by section 134 of the Code of Civil Procedure from bringing action to recover the land or any interest therein.

The appellant's exceptions must be sustained. There are no words of inheritance in the deed at all. There can be no conveyance of a fee without the use of the word "heirs," and no other words are susceptible of being construed into a conveyance of the fee regardless of the grantor's intention or the consequences to grantees or heirs. Under the terms of the deed neither is there a conveyance of the fee nor is the instrument of conveyance a trust deed. Under this deed neither Frances Turner nor her descendants took any estate greater than a life estate. Frances Turner under the deed took a life estate; at her death her children and grandchildren took an estate for life, and as far as this deed is concerned, and under it, the respondent here has no title in fee simple that the master could convey to the appellant, and appellant should not be required to comply with his bid. The respondent does not show under the deed he claims a fee simple estate that may be conveyed. He may have a fee simple title from other sources, but that is not before the Court. There is no question that the title tendered is defective. The additional ground relied on by respondent has no application here and cannot avail the respondent.

Judgment reversed.